[821 NYS2d 113]

In the Matter of KEVIN R. GORRY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 12, 2006

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition containing two charges of professional misconduct. After a pretrial conference on July 27, 2005, and a hearing on November 3, 2005, the Special Referee sustained both charges. The petitioner moves to confirm the Special Referee's report and to impose such discipline upon the respondent the Court may deem just and proper. The respondent has neither cross-moved nor requested additional time in which to do so.

Charge One alleges that respondent has been convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

On or about December 12, 2000, the respondent was arrested on felony complaint No. 2000 NY 110959, filed in the Criminal Court, New York County. The complaint contained three counts of the class E felony of falsifying business records in the first degree, in violation of Penal Law § 175.10.

On or about April 20, 2004, the respondent pleaded guilty before Judge Judith Levitt to the reduced charge of criminal facilitation in the fourth degree, a class A misdemeanor, and was immediately sentenced to a conditional discharge.

Charge Two alleges that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the allegations set forth in Charge One.

The parties entered into a stipulation agreeing that the facts are not in dispute, including the following:

"On April 20, 2004, during his plea allocution, re-

spondent stated that in January and February 1999, on three separate occasions, he was the attorney for a not-for-profit corporation which was the putative purchaser of three separate parcels of real property in New York County.

"Respondent stated further in his plea allocution that he was aware that at each of those real estate closings, checks tendered by the buyer were in fact purchased with money from the seller and that by allowing the closings to proceed respondent provided his client, and others, the means and opportunity to commit a felony, namely falsifying business records in the first degree, and that he realized that, in fact, a felony was committed by his client and other participants in those closings."

Based on the uncontroverted evidence of the respondent's conviction and his admissions of liability, the Special Referee properly sustained both charges of professional misconduct. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner is unaware of any prior discipline imposed upon the respondent as an attorney. In addition to his own testimony in mitigation, including his initial lack of knowledge of the fraudulent scheme, the absence of profit to himself, his total cooperation with authorities, and the severe medical issues which beset his family, the respondent presented a wealth of character evidence. The universal sentiment expressed through the testimony and letters of both personal and professional acquaintances is one of confidence in the respondent's integrity and abilities.

Notwithstanding the mitigation advanced by the respondent, he was convicted of a misdemeanor which constitutes a serious crime. It is undisputed that he knowingly provided the opportunity for others to commit a felony.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years, with credit for time elapsed under the period of his interim suspension, which effectively commenced on July 22, 2005.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Kevin R. Gorry, is suspended from the practice of law for a period of two years, commencing immediately, with credit for time elapsed under the interim suspension imposed by order of this Court dated June 3, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of that period upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kevin R. Gorry, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Kevin R. Gorry has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Kevin R. Gorry shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).